# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE )
                                  )      I.D. No. 0810017618
                                  )                0905024913
       v.                              )
                                  )
ALEJANDRO J. )
RODRIGUEZ-ORTIZ )
                                  )
           Defendant       )

Submitted: July 19, 2015
Decided:  October 15, 2015

On Defendant's Motion for Postconviction Relief.
**DENIED.**

On Defendant's "Motion for Voluntary Dismissal" of his Motion for
Postconviction Relief.
**DENIED AS MOOT.**

On Defense Counsel's Motion to Withdraw as Counsel for Petitioner.
**GRANTED.**

# <u>ORDER</u>

Gregory E. Smith, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Brian J. Chapman, Esquire, The Law Office of Brian J. Chapman, Wilmington, Delaware, Attorney for the Defendant.

Alejandro J. Rodriguez-Ortiz, James T. Vaughn Correctional Center, Smyrna, Delaware.

COOCH, R.J.

This 15th day of October, 2015, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

1. On January 20, 2009, Alejandro J. Rodriguez-Ortiz ("Defendant") was indicted for Murder First Degree; Possession of a Firearm During the Commission of a Felony; Possession of a Deadly Weapon by a Person Prohibited; and Conspiracy First Degree (the "January Indictment").[1] These charges stem from a September 2008 homicide. On August 17, 2009, Defendant was again indicted for Murder First Degree; Possession of a Firearm During the Commission of a Felony; Possession of a Deadly Weapon by a Person Prohibited; and Conspiracy First Degree (the "August Indictment").[2] The second Indictment is a result of a July 2008 homicide.

2. On March 3, 2010, Defendant pled guilty to Murder Second Degree and all other charges in the January Indictment were dropped. On that same day, Defendant pled guilty to Manslaughter and Possession of a Deadly Weapon During the Commission of a Felony stemming from the August Indictment.[3] Following his plea, Defendant was sentenced to 40 years at Level V, suspended after 15 years for Murder Second Degree; 25 years at Level V, suspended after 20 years and followed by probation for Manslaughter; and 5 years at Level V for Possession of a Firearm During the Commission of a Felony. The Defendant did not appeal his plea or sentence to the Delaware Supreme Court.

3. On October 23, 2013, Defendant filed this Motion for Postconviction Relief ("Rule 61 Motion") and a Motion for Appointment of Counsel.[4] On October 29 Defendant's Motion for Appointment of Counsel was granted and counsel was appointed ("Rule 61 Counsel") to handle Defendant's Rule 61 Motion.[5]

---

[1] I.D. No. 0810017618 Indictment, D.I. # 6.
[2] I.D. No. 0905024913 Indictment, D.I. # 3.
[3] Plea Colloquy Tr. at 12 – 17.
[4] I.D. No. 0810017618, D.I. # 86, 87; I.D. No. 0905024913, D.I. # 39, 40.
[5] I.D. No. 0810017618, D.I. # 88; I.D. No. 0905024913, D.I. # 41. After this Court ordered that counsel be appointed to represent Defendant in his Rule 61 Motion, but before the Office of Conflict Counsel appointed counsel, Defendant filed a "Motion for Voluntary Dismissal" of his Rule 61 Motion. In that Motion, Defendant cited "the lack of evidence to support the current grounds listed in the [Rule 61] Motion" as the reason for the dismissal. Defendant also claims he was given ineffective assistance of counsel again in regards to his Rule 61 Motion, because an

4. In his Rule 61 Motion, Defendant states two separate grounds for relief, each based on a claim of ineffective assistance of counsel. First, Defendant claims that trial counsel "fell asleep during crucial pretrial meetings and Court hearings due to an unknown external impediment."[6] Second, Defendant asserts trial counsel told him that if he refused the State's plea offer for the charges in the January Indictment, he would be "executed" for the charges against him in the August Indictment.[7] Defendant also stated that he "didn't realize that counsel wasn't allowed to influence [his] decision to take a plea or not."[8]

5. Defendant's Rule 61 Motion was filed on October 23, 2013. Under Superior Court Criminal Rule 61(i), a Motion for Postconviction Relief can be potentially procedurally barred for time limitations, repetitive motions, procedural defaults, and former adjudications.[9]

6. Rule 61(i)(1) provides that a motion exceeds time limitations if it is filed more than one year after the conviction is finalized, or if the motion asserts a newly recognized, retroactively applied right more than one year after it is first recognized.[10]

7. This Court finds that Defendant's Motion was not timely filed. Defendant was sentenced by this Court on July 30, 2010. Defendant did not appeal his sentence to the Delaware Supreme Court and it became final 30 days later.[11] However, even if Defendant's Rule 61 Motion is not barred by time limitations, the Court finds no merit in the allegations Defendant asserts. Rule 61 Counsel found in his investigation that "it is clear from a review of trial counsel's extensive

---

attorney was not appointed to represent him. However, defense counsel was in fact subsequently appointed and conducted an apparent thorough investigation of Defendant's accusations. After that investigation, counsel recommended denial of Defendant's Rule 61 Motion, because of its lack of merit. Therefore, the Court denies Defendant's Motion for Voluntary Dismissal as moot.

[6] Def.'s Mot. for Postconviction Relief at 3.
[7] *Id.*
[8] *Id.*
[9] Super. Ct. Crim. R. 61(i)(1)-(4).
[10] Super. Ct. Crim. R. 61(i)(1).
[11] Super. Ct. Crim. R. 61(m) ("A judgment of conviction is final for the purpose of this rule as follows: (1) If the defendant does not file a direct appeal, 30 days after the Superior Court imposes sentence.").

3

file . . . that the trial counsel wh[o] represented [Defendant] was extremely well prepared and competent in handling both matters."[12]

8. There is no indication on the record or from Defendant's Rule 61 counsel to support Defendant's accusation that trial counsel "fell asleep during crucial pretrial meetings and court hearings." Therefore, the Court finds that this claim for postconviction relief lacks merit.

9. The Court is equally unpersuaded that trial counsel told Defendant to take the State's plea offer or he'd be executed and that he did not realize that counsel was not permitted his decision. During Defendant's plea colloquy he stated, *inter alia*:

> **THE COURT**: Have you freely and voluntarily decided to plead guilty to the three charges listed in the written plea agreement?
>
> **THE DEFENDANT**: Yes.
>
> **THE COURT**: Have you been promised anything that is not stated in your plea agreement?
>
> **THE DEFENDANT**: No.
>
> **THE COURT**: Has your lawyer, the State, or anyone threatened or forced you to enter this plea?
>
> **THE DEFENDANT**: No.[13]

In addition, Defendant's Rule 61 counsel was unable to find any evidence to support this claim. Counsel stated: "[a]fter completing a comprehensive review of all the documents contained in the trial counsel's file, and the transcript of the plea colloquy and sentencing,

---

[12] Memorandum In Support Of Mot. To Withdraw As Counsel For Petitioner [hereinafter Memorandum to Withdraw] at 7.

[13] Plea Colloquy Tr. at 12.

4

[Rule 61] counsel finds no merit to this claim."[14] Having conducted its own review of the record and transcripts of the plea colloquy and sentencing, this Court is also unable to find anything that supports this accusation.

10. Finally, this Court finds that withdraw of Defendant's Rule 61 counsel is appropriate. Rule 61(e)(2) states that if appointed counsel finds a defendant's claim for postconviction relief to be so lacking in merit that counsel cannot ethically advocate for it, and counsel does not know of any other substantial grounds for relief, counsel is permitted to move for removal.[15] Counsel's motion to withdraw must explain the factual and legal reason for the opinion and give notice to the defendant so he may file a response within 30 days.[16]

11. In counsel's "Memorandum In Support Of Motion To Withdraw As Counsel For Petitioner" ("Memorandum to Withdraw") counsel conducted a thorough recitation of the facts leading up to both Indictments. The Memorandum to Withdraw also discussed the procedural history of the cases and Defendant's claims in his Rule 61 Motion in depth. Counsel then stated that after a review of the trial counsel's file and transcripts, neither of Defendant's claims were meritorious and counsel was unaware of any other potentially meritorious claim that could be raised. Once Rule 61counsel filed this Memorandum to Withdraw, Defendant had 30 days to respond. Defendant chose not file a response with the Court.

---

[14] Memorandum to Withdraw at 8.
[15] Super. Ct. Crim. R. 61 (e)(2).
[16] *Id.*

Therefore, Defendant's Motion for Postconviction Relief is **DENIED**; Defendant's "Motion for Voluntary Dismissal" of his Motion for Postconviction Relief is **DENIED AS MOOT**; Defense Counsel's Motion to Withdraw as Counsel is **GRANTED**.

  **IT IS SO ORDERED.**

            _____
            Richard R. Cooch, R.J.

cc:  Prothonotary

    Investigative Services